RAWLS, Acting Chief Judge
(dissenting).
I dissent. The sole evidence adduced by the state, upon which the jury returned a verdict that appellant was guilty of burglary, was that of latent fingerprints taken from the tile edge inside the window of Room 128 at the Greenbrier Motel located in Duval County, Florida.[1]
The jury began deliberating at 4:24 p. m., and at 5:43 p. m. the following colloquy took place:
“(Jury present)
THE COURT: Mr. Foreman, the bailiff advises me that you are not able to arrive at a verdict. Is that correct?
FOREMAN BURGESS: That is correct.
THE COURT: Mr. Foreman, in your opinion, are you hopelessly deadlocked?
FOREMAN BURGESS: I would believe so.
THE COURT: You do or do not?
FOREMAN BURGESS: I would believe that we are.
THE COURT: All right, I’m going to read you a charge and then I want you to go back and deliberate further.”
At this time, the trial judge gave the “Allen” charge to which the appellant took exception. The jury retired at 5:50 p. m., and at 6:03 p. m. they returned a verdict of guilty as charged.
As pointed out by appellant, the jury was not given a reasonable period of time within which to reconcile the contradictory testimony in this case. The trial judge made no reference whatsoever to allowing the jury to break for dinner, and, instead, gave them the “Blockbuster” charge and sent them back to deliberate. Lee v. State, 239 So.2d 136 (Fla. 1st DCA 1970).
In my opinion, under these circumstances, the giving of the Allen charge was error. Appellant was entitled to the jury’s careful and unhurried deliberation. I would reverse and remand for a new trial.

. Appellant testified in his own behalf and stated that he did not leave any fingerprints on the ledge of the window; did not know where the Greenbrier Motel was located; and did not take a TV from the motel room nor was a TV found in his custody or control.